## Jersey Shore Trust Co., Appellant, *v.* Gold et al.

*Judgments—Opening judgments—Discretion of court.*

A petition for opening a judgment is addressed to the sound discretion of the court, and its decision will not be reversed on appeal except for flagrant abuse.

Where the facts averred in the petition, are sufficient to warrant the court in deciding that the case is one requiring the exercise of its equitable powers, to open the judgment, the appellate court will not interfere.

Argued April 23, 1919. Appeal, No. 20, April T., 1918, by plaintiff, from the order of C. P. Butler Co., Dec. T., 1917, No. 100, making absolute rule to open judgment in case of Jersey Shore Trust Co. v. Clara C. Gold and W. F. Gold. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

Rule to open judgment.

The facts appear in the following opinion of REIBER, P. J., making absolute rule to open judgment:

On hearing of this matter in rule to show cause why judgment should not be opened, after hearing the evidence and due consideration thereof, we forthwith made an order making the rule absolute and awarded an issue to determine the validity of said note, without stating our reasons. We, therefore, now file this opinion giving our reasons for such action.

398, (1919).]        Opinion of Court below.

The note upon which judgment in controversy is confessed shows on its face that it is a nonnegotiable instrument, as the warrant of attorney authorizes confession of judgment before maturity, and it therefore follows that the use-plaintiff in said judgment is not a holder in due course and took said note subject to any infirmity and subject to any defense that the maker thereof had as against the original holder.

The petition to open said judgment is not specific in its averments, but a rule having been granted on the petition and the respondent appearing and filing an answer merely denying the averments of the petition, without raising the question of the sufficiency thereof by way of demurrer, under these circumstances we are of the opinion that the petition was sufficient to go into the merits. No evidence was offered on part of respondent.

The note in controversy was given by Mrs. Clara C. Gold, engaged in the grocery business, as part of the consideration of the purchase of two shares of stock in The Rothrock Stores Company and solicited by its agent, and her testimony related to the manner in which she was induced, by fraudulent misrepresentation of facts going to the consideration thereof and by which she was induced to sign said note, such agent alleging that a certain other grocer, naming him, had already taken stock in said enterprise and that his company would act as a jobber and would save her a large percentage on the purchase of her merchandise, put in a list of goods as premiums and would furnish in the next few days a price list of groceries, which the company, under the evidence, failed to do, and it further appearing that Tebay at no time purchased any stock in said company, as represented by the agent and upon which fact the petitioner was relying and was induced to purchase the stock and sign the note in controversy. Her testimony was corroborated by that of her husband, who was present, and also by Tebay. From the exhibits and the proofs in the case the whole transaction has the earmarks of a sale of stock in a worthless enterprise and a fraudulent transaction and therefore

Assignment of Error—Opinion of the Court. [72 Pa. Superior Ct. required the exercise of the equitable principles of the common law court in opening said judgment.

*Error assigned* was the order of the court.

*M. C. Rhone,* and with him *A. R. Jackson* and *Williams & Mitchell,* for appellant.

No appearance and no printed brief for appellee.

OPINION BY HEAD, J., July 17, 1919:

The learned judge below made absolute a rule to show cause why a judgment should not be opened and the defendants permitted to defend. In affirming such an order there is no necessity for, perhaps no propriety in the appellate court anticipating the questions that may later come upon the final disposition of the case in the court below. In the brief opinion filed by the learned judge he sufficiently adverts to the nature of the transaction between the parties to enable us to know it belongs to a class where a fair investigation by a jury is often necessary to effectuate the ends of justice.

The appeal is dismissed at the costs of the appellant, without prejudice, however, etc.